**DISTRICT COURT OF THE VIRGIN ISLANDS**

**DIVISION OF ST. CROIX**

| | |
|---|---|
| JOSE DE LA CRUZ,<br><br>                              Plaintiff,<br>   v.<br><br>VIRGIN ISLANDS WATER AND<br>POWER AUTHORITY,<br><br>                             Defendant,<br>   v.<br><br>MARCO A. BLACKMAN,<br><br>                    Third-Party Defendant. | 1:07-cv-9 |

TO:   Lee J. Rohn, Esq.
        Robert L. King, Esq.
        H.A. Curt Otto, Esq.

**ORDER REGARDING PLAINTIFF'S MOTION TO BAR
DEFENDANT'S EXPERT WITNESSES**

      THIS MATTER came before the Court upon Plaintiff's Motion to Bar Defendant's Expert Witnesses (Docket No. 164). Defendant filed an opposition to said motion, and Plaintiff filed a reply thereto.

*De La Cruz v. Virgin Islands Water and Power Authority*
1:07-cv-9
Order Regarding Plaintiff's Motion to Bar Defendant's Expert Witnesses
Page 2

Plaintiff, Jose de la Cruz, seeks to exclude expert reports and testimony by Defendant's expert witness, Antonio Alvarez-Berdecia, M.D., and any other witnesses identified out of time, on the basis that said reports are untimely.

**<u>DISCUSSION</u>**

It is well established that the action requested by Plaintiff is well within the Court's discretion. *See, e.g., Merrill Lynch & Co., Inc. v. Allegheny Energy, Inc.*, No. 02 Civ. 7689, 2005 WL 832050 at *8 (S.D.N.Y. April 12, 2005) ("The trial court's discretion is especially broad with respect to the admission or exclusion of expert evidence" (citing *Salem v. United States Lines Co.*, 370 U.S. 31, 35 (1962)). However, the "remedy of exclusion is considered 'drastic' and should not be imposed where it could frustrate the overarching objective of the Rules, which is to provide substantial justice for litigants." *Dunn v. Zimmer, Inc.*, No. 3:00CV1306, 2005 WL 563095 at *1 (D. Conn. March 9, 2005) (citing *Cartier, Inc. v. Four Star Jewelry Creations, Inc.*, No. 01 Civ.11295, 2003 WL 22471909 at *1, (S.D.N.Y. Oct.31, 2003)).

The applicable Rule of Civil Procedure governing expert witness disclosure is Rule 26(a)(2)(C), which states in relevant part: "A party must make these disclosures at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(C). In addition, Rule 37(c)(1) regarding sanctions states: "If a party fails to provide information or identify a witness as required by Rule 26(a) . . . the party is not allowed to use that information or

*De La Cruz v. Virgin Islands Water and Power Authority*
1:07-cv-9
Order Regarding Plaintiff's Motion to Bar Defendant's Expert Witnesses
Page 3

witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c).

The standard for determining when to exclude evidence was articulated by the Third Circuit:

> (1) the prejudice or surprise in fact of the party against whom the excluded witnesses would have testified, (2) the ability of that party to cure the prejudice, (3) the extent to which waiver of the rule against calling unlisted witnesses would disrupt the orderly and efficient trial of the case or of other cases in the court, and (4) bad faith or willfulness

*Meyers v. Pennypack Woods Home Ownership Ass'n*, 559 F.2d 894, 904-05 (3d Cir. 1977), *overruled on other grounds, Goodman v. Lukens Steel Co.*, 777 .2d 113 (3d Cir. 1977), *aff'd*, 482 U.S. 656, 107 S.Ct. 2617, 96 L.Ed.2d 572 (1987).

In this Court's scheduling order dated March 24, 2009, the date set for Defendant's experts to be named and copies of their opinions provided to Plaintiff was February 12, 2010 (as provided in Rule 26(a)(2)). Scheduling Order (Docket No. 63) at 2. Defendant submitted its report to Plaintiff on May 3, 2010, and it was dated April 29, 2010. Plaintiff argues that Defendant's expert should be barred since the report was filed well after the actual set deadline.

Under a *Meyers* analysis, this Court looks to see if there was prejudice and if the prejudice can be cured. Plaintiff is alleging prejudice due to the untimeliness of the filing

*De La Cruz v. Virgin Islands Water and Power Authority*
1:07-cv-9
Order Regarding Plaintiff's Motion to Bar Defendant's Expert Witnesses
Page 4

of Defendant's expert report. Due to the deadlines expiring on expert discovery, Plaintiff is unable to depose Defendant expert or procure a rebuttal expert. Plaintiff does suffer prejudice through Defendant's lack of timeliness. However, on December 18, 2009, Defendant had requested and Plaintiff counsel had agreed to a ninety (90)-day extension of all deadlines by stipulation. Opposition at Ex. L. The stipulation was never filed with the court due to an administrative error in Plaintiff's counsel's office. Reply at 2 n.1. Had the ninety (90)-day extension stipulation been filed and approved, the deadline for Defendant's expert witness disclosures and report would have been May 12, 2010, and the Defendant's disclosure of its expert report would have fallen within that deadline. Had the stipulated extension been filed, any prejudice suffered by the Plaintiff would have been minimal. Nonetheless, the stipulation was not filed nor approved.

Plaintiff cites to a Third Circuit case to support her argument for prejudice. *Szusterman v. Amaco Oil Co.*, 112 F. App'x 130, 132 (3d Cir. 2004). *Szusterman* is distinguishable from the case at bar because unlike the Magistrate Judge in *Szutsterman*, this Court has not stated that all expert discovery has been completed nor that extensions to discovery orders will not be granted. As such, it is up to this Court's discretion to grant the requested order. Moreover, any possible prejudice to Plaintiff can be cured by granting Plaintiff a period of time to depose Defendant's expert. In the time since this motion

*De La Cruz v. Virgin Islands Water and Power Authority*
1:07-cv-9
Order Regarding Plaintiff's Motion to Bar Defendant's Expert Witnesses
Page 5

originally was filed, Plaintiff also has filed a notice of production of a rebuttal expert (Chester Copemann, M.D.) report. (Docket No. 175). However, this is a further disruption to the Court in that the discovery in this case has been on-going for several years with four (4) Scheduling Orders filed.

The last of the *Meyer* elements is willfulness. In this case, it could be perceived that the untimeliness of the Defendant's Expert was willful, as the report was produced over two (2) months past the Scheduling Order deadline. *See, e.g., Velez v. QVC, Inc.*, No. Civ. A. 00-5582, 2004 WL 1175726 at *1 n.1 (E.D. Pa. May 25, 2004) (where the court, in excluding portions of a supplemental expert report, stated, "The Court also finds that plaintiff's late submission of the report is willful in that the plaintiff knew when the report was due under the Rules but has proffered no explanation as to why she failed to comply.") Defendant should have control of their expert, at least as to when the expert needed to produce his report. However, Defendant has shown that it was delayed in its expert conducting the Independent Medical Examination (IME) of Plaintiff until February 1, 2010. In addition, Defendant was under the assumption that Plaintiff's counsel had filed the stipulation for a ninety (90)-day extension. As soon as it became aware the stipulation had not been filed, Defendant filed a motion requesting an extension. Therefore the delay was inadvertent and not in bad faith and could hardly be argued was willful.

*De La Cruz v. Virgin Islands Water and Power Authority*
1:07-cv-9
Order Regarding Plaintiff's Motion to Bar Defendant's Expert Witnesses
Page 6

Defendant's expert report is important as a piece of their defense and therefore should be allowed. *See, e.g., Comuso v. National R.R. Passenger Corp.*, No. Civ. A. 97-7891, 1998 WL 800342 at *2 (E.D. Pa. November 12, 1998) (where the court, in its *Meyers* analysis, stated, "Moreover, '[t]he importance of the excluded testimony is an important final consideration.'" *Gibson v. National R.R. Passenger Corp.,* 176 F.R.D. 190, 192 (E.D. Pa. 1997) (citing *Meyers,* 559 F.2d at 905); *see also Tunis Brothers Co., Inc. v. Ford Motor Co.,* 124 F.R.D. 95, 97-98 (E.D. Pa. 1989) (discussing 37(c) considerations). Defendant has no other experts. Defendant also had informed Plaintiff and his counsel who would be conducting the IME prior to the deadline.

Plaintiff's primary basis for his motion is his contention that the report at issue was served out of time. However, even in finding the report at issue was untimely, Plaintiff has failed to show, in accordance with the considerations enumerated in *Meyers,* 559 F.2d at 904-05 (cited in *In re Armstrong World Indus., Inc.*, 320 B.R. 523, 530 n.17 (D. Del. 2005)),[1]

---

[1] *See also In re Complaint of Kreta Shipping, S.A.*, 181 F.R.D. 273, 277 (S.D.N.Y. 1998) (citing *In re Paoli R.R. Yard PCB Litig.*, 35 F.3d 717, 791 (3d Cir. 1994), *cert. denied sub nom.*, *General Elec. Co. v. Ingram*, 513 U.S. 1190, 115 S.Ct. 1253, 131 L.Ed.2d 134 (1995) (quoting *Meyers v. Pennypack Woods Home Ownership Ass'n*, 559 F.2d 894 (3d Cir.1977), *overruled on other grounds, Goodman v. Lukens Steel Co.*, 777 F.2d 113 (3d Cir.1985), *aff'd*, 482 U.S. 656, 107 S.Ct. 2617, 96 L.Ed.2d 572 (1987) (cited in *Dunn v. Zimmer, Inc.*, No. 3:00CV1306, 2005 WL 563095 at *1 (D. Conn. March 9, 2005)).

*De La Cruz v. Virgin Islands Water and Power Authority*
1:07-cv-9
Order Regarding Plaintiff's Motion to Bar Defendant's Expert Witnesses
Page 7

prejudice or surprise, inability to cure any prejudice, or bad faith or willfulness by Defendant. Thus, the Court will decline to exclude Defendant expert's report as untimely.

Plaintiff's motion also seeks to bar any other witnesses brought forward by Defendant out of time. Defendant had informed Plaintiff of its use of Dr. Alvarez-Berdecia for the IME in November and December of 2009, well before the deadline. As concluded above, this Court will allow Defendant to use Dr. Alvarez-Berdecia as an expert witness. However, Defendant cannot bring forward other possible witnesses out of time. Such allowance would cause prejudice to Plaintiff as they would not have had the proper notice required by the Federal Rules.

WHEREFORE, based upon the foregoing, it is now hereby **ORDERED**:

1. Plaintiff's Motion to Bar Defendant's Expert Witnesses (Docket No. 164) is **GRANTED IN PART AND DENIED IN PART**.

2. Plaintiff's motion to bar Antonio Alvarez-Berdecia. M.D., is hereby **DENIED**.

3. Plaintiff's motion to bar any other witness brought forward out of time by Defendant is hereby **GRANTED**.

4. Plaintiff's notice of a rebuttal expert, Chester Copemann, M.D., is allowed and **GRANTED**.

*De La Cruz v. Virgin Islands Water and Power Authority*
1:07-cv-9
Order Regarding Plaintiff's Motion to Bar Defendant's Expert Witnesses
Page 8

                ENTER:

Dated: June 11, 2010         /s/ George W. Cannon Jr.
                      GEORGE W. CANNON, JR.
                      U.S. MAGISTRATE JUDGE