IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | | |
|---|---|---|
| JOSE DE LA CRUZ, | : | 1:07-cv-9 |
| Plaintiff, | : | |
| | : | |
| v. | : | Hon. John E. Jones III |
| | : | |
| VIRGIN ISLANDS WATER AND POWER | : | |
| AUTHORITY, | : | |
| Defendant. | : | |

**<u>MEMORANDUM AND ORDER</u>**

**May 8, 2012**

Before the Court is Plaintiff Jose de la Cruz's ("Plaintiff") appeal of a February 28, 2012 Order entered by Magistrate Judge George W. Cannon disqualifying Plaintiffs' counsel, Lee J. Rohn, Esq. ("Attorney Rohn", and her firm, from representing Plaintiff in this case on the grounds of an impermissible conflict of interest under ABA Model Rule of Professional Conduct ("MRPC") 1.9. Defendant Virgin Islands Water and Power Authority ("WAPA") opposes Plaintiff's appeal. Accordingly this matter is ripe for our disposition. For the reasons that follow, the Plaintiff's appeal shall be denied.

**I.    BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff filed this personal injury action on January 22, 2007. Plaintiff is

1

represented by Attorney Rohn and her law firm, Lee J. Rohn and Associates. The facts giving rise to this lawsuit are as follows. On December 4, 2006, Plaintiff asserts that he received an electrical shock injury when the paint roller he was using to paint the exterior of a building in Mutual Homes Building 17 made contact with WAPA's electrical line. Plaintiff alleges that the electrical line was not marked as such and was carrying a high voltage electrical current. Plaintiff claims that he suffered a multitude of injuries from the shock.

In December of 2010 this matter was reassigned to the undersigned, sitting by designation in the District of the Virgin Islands, and we began managing this highly litigious case. Trial in this matter has been scheduled and cancelled several times, most recently due to the filing of the Defendant's Motion to Disqualify Attorney Rohn from representation of the Plaintiff. (Doc. 512). That Motion sought to disqualify Attorney Rohn and her firm from representing Plaintiff in this action on the basis that Attorney Rohn hired an attorney, Talib Ellison, Esq., who conducted work for her in the above-captioned matter, after Mr. Ellison left his employment with the law firm of Ogletree, Deakins, Nash, Smoak & Stewart, LLC ("Ogletree"), which firm represented WAPA in a similar personal injury case[1] as

---

[1] The case is pending in Superior Court, captioned, *De Jesus v. Virgin Islands Water and Power Authority*, Civil No. 10-cv-20 (hereinafter "*De Jesus* matter").

well as other matters during Mr. Ellison's employment there. Plaintiff opposed the Motion to Disqualify by arguing that counsel never "hired" Mr. Ellison, that the *De Jesus* matter is not "substantially related" to this matter, that Mr. Ellison was effectively screened from counsel's case files and that Mr. Ellison never represented WAPA, despite his association with Ogletree.

By Order dated February 7, 2012, we referred the Motion to Disqualify Counsel to Magistrate Judge Cannon for the purposes of conducting a hearing and a ruling. (Doc. 528). Magistrate Judge Cannon conducted a hearing on February 16, 2012 and thereafter, on February 28, 2012 he issued an Order granting the Motion to Disqualify. (Doc. 549). Magistrate Judge Cannon held that Mr. Ellison was disqualified pursuant to MRPC 1.9, and that his disqualification was imputed to Attorney Rohn and her firm under MRPC 1.10(a). Specifically, Magistrate Judge Cannon concluded there was sufficient evidence to demonstrate an attorney-client relationship between Mr. Ellison and WAPA and that the instant matter and the *de Jesus* matter were "substantially related," thus requiring disqualification. Plaintiff's appeal of the Magistrate Judge's ruling timely followed.

## II.     STANDARD OF REVIEW

"A motion to disqualify counsel is a non-dispositive matter that is reviewed under a 'clearly erroneous or contrary to law' standard." *VECC, Inc. v. Bank of*

*Nova Scotia*, 222 F. Supp. 2d 717, 719 (D.V.I. 2002) (citation omitted); *see also* Fed. R. Civ. P. 72(a) (providing that on appeal from a ruling of a magistrate judge on a pretrial non-dispositive matter, a district court shall "modify or set aside any part of the [magistrate judge's] order that is clearly erroneous or is contrary to law."). The Supreme Court has held that a finding is "clearly erroneous" when, "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948). "This means that '[i]t is the responsibility of an appellate court to accept the ultimate factual determination of the fact-finder unless that determination either (1) is completely devoid of minimum evidentiary support displaying some hue of credibility, or (2) bears no rational relationship to the supportive evidentiary data.'" *Behrend v. Comcast Corp.*, 655 F.3d 182, 189 (3d Cir. 2011) (citation omitted). "[T]he phrase 'contrary to law' indicates plenary review as to matters of law." *Haines v. Liggett Group, Inc.*, 975 F.2d 81, 91 (3d Cir. 1992). "[A] Magistrate Judge's ruling is contrary to law if 'the Magistrate Judge misinterpreted or misapplied the applicable law.'" *Kendricks v. Hertz Corp.*, 2008 WL 3914135, at *2 (D.V.I. Aug. 18, 2008) (citation omitted). "The party who filed the appeal bears the burden of establishing that the magistrate judge's decision is clearly erroneous or contrary to law."

*Control Screening, LLC v. Integrated Trade Sys., Inc.*, 2011 WL 3417147, at *6 (D.N.J. Aug. 3, 2011).

### A.     Disqualification Motions – General Standards

A district court's "power to disqualify an attorney derives from its inherent authority to supervise the professional conduct of attorneys appearing before it." *United States v. Miller*, 624 F.2d 1198, 1201 (3d Cir. 1980). In the Third Circuit, "the exercise of this authority is committed to the sound discretion of the district court and will be overturned on appeal only for an abuse of this discretion." *Id.* "[D]isqualification ordinarily is the result of a finding that a disciplinary rule prohibits an attorney's appearance in a case, [but] disqualification never is automatic." *Id.* A court should disqualify an attorney "only when it determines, on the facts of the particular case, that disqualification is an appropriate means of enforcing the applicable disciplinary rule." *Id.*

The Third Circuit "has often employed a balancing test in determining the appropriateness of the disqualification of an attorney." *In re Corn Derivatives Antitrust Litig.*, 748 F.2d 157, 162 (3d Cir. 1984). In *Int'l Longshoremen's Ass'n, Local Union 1332 v. Int'l Longshoremen's Ass'n*, 909 F. Supp. 287 (E.D. Pa. 1995), the court set forth the factors to be balanced: "(i) [the former client's] interest in attorney loyalty, (ii) [the current client's] interest in retaining [his]

5

chosen counsel, (iii) the risk of prejudice to [the current client], and (iv) the court's interest in protecting the integrity of the proceedings and maintaining public confidence in the judicial system." *Id.* at 293 (citing *Corn Derivatives*, 748 F.2d at 162); *see also Brice v. Hess Oil V.I. Corp.*, 769 F. Supp. 193, 195 (D.V.I. 1990) (including as a factor "the policy that attorneys be free to practice without excessive restrictions."). Although "'doubts are to be resolved in favor of disqualification, the party seeking disqualification must carry a 'heavy burden' and must meet 'a high standard of proof' before a lawyer is disqualified.'" *Prosser v. Nat'l Rural Utils. Coop. Fin. Corp.*, 2009 WL 1605637, at *2 (D.V.I. June 8, 2009) (citations omitted).

      **B.**     **Analytical Framework: Model Rule 1.9**

"In the Virgin Islands, the Model Rules of Professional Conduct govern the professional responsibilities of practicing attorneys." *VECC, Inc.*, 222 F. Supp. 2d at 719 (citing Local Rule of Civil Procedure 83.2(a) and *Brice*, 769 F. Supp. at 194).

MRPC 1.9 addresses whether an attorney may represent a current client whose interests are adverse to the interests of a former client. The relevant section of Rule 1.9, entitled "Duties To Former Clients," provides:

> A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially

> related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent, confirmed in writing.

MRPC 1.9(a). For an attorney to be disqualified under this rule, four elements must be established: 1) that the attorney had an attorney-client relationship with the former client; 2) that the attorney is representing the current client in the same or a substantially related matter as the former client; 3) that the interests of the current client are materially adverse to those of the former client; and 3) that the former client has not and does not consent to the representation of the current client. *Apeldyn Corp. v. Samsung Electronics, Co., Ltd.*, 600 F. 3d Supp. 2d 557, 561 (D. Del. 2009)(quoting *Nemours Foundation v. Gilbane, Aetna, Federal Ins. Co.*, 632 F. Supp. 418, 422 (D. Del. 1986). The Third Circuit has emphasized that Rule 1.9 is a:

> prophylactic rule to prevent even the potential that a former client's confidences and secrets may be used against him. Without such a rule, clients may be reluctant to confide completely in their attorneys. . . . [T]he rule is important for the maintenance of public confidence in the integrity of the bar.

*Corn Derivatives,* 748 F.2d at 162.

**III. DISCUSSION**

Plaintiff raises two issues on appeal: (1) whether the Magistrate Judge's finding that the matter *sub judice* and the *de Jesus* matter are substantially related is clearly erroneous; and (2) whether the disqualification of counsel is an injustice because it deprives Plaintiff of his preferred counsel. We shall discuss each of Plaintiff's arguments *in seriatim*.

    **A.**    **Whether the Magistrate Judge's Finding that This Case and the *de Jesus* Matter are Substantially Related is Clearly Erroneous**

As noted above, Magistrate Judge Cannon determined that this case and the *de Jesus* matter are "substantially related," thus satisfying the main disputed element in the MRPC 1.9 test for disqualification. Magistrate Judge Cannon utilized the following factors to guide his determination as to whether the matters were "substantially related": (1) the nature and scope of the prior representation; (2) the nature and scope of the current representation; and (3) whether during the prior representation the client might have disclosed confidences to his attorney which could be relevant and detrimental to the client in the current action." *Greenwood Land Co. v. Omnicare, Inc.*, 2009 WL 2595652, *5 (W.D. Pa. August 20, 2009).

Magistrate Judge Cannon correctly noted that this matter and the *de Jesus* matter are obviously not the same case nor do they arise out of the same underlying incident. However, the Magistrate Judge concluded that the facts and legal issues

8

of the two cases are similar in that they both involve personal injury claims caused by exposure to electrical lines and WAPA's alleged liability for failing to maintain and/or inspect those lines to warn of any danger. Coupled with Mr. Ellison's representation of WAPA while at Ogletree, including his unrestricted access to WAPA's files through which WAPA might have disclosed confidences which could be relevant and detrimental to WAPA in the matter *sub judice*, render the matters "substantially related" for purposes of MRPC 1.9 disqualification.

Plaintiff submits that the Magistrate Judge erred in rendering this conclusion, arguing that the matters are factually dissimilar[1] and that Mr. Ellison's

---

[1] Plaintiff has also filed a Motion to Supplement the Record with Newly Discovered Evidence (Doc. 568) which is fully briefed before the Court. The main purpose of the Motion is for the Court to take cognizance of the fact that the *de Jesus* matter involved a rusted "guy" wire under WAPA's control that became electrified and shocked the plaintiff in that matter. Plaintiff contends this fact is important inasmuch as this matter involves a shock from a high power electric wire. Based on this factual difference, Plaintiff contends that this matter and the *de Jesus* matter are not substantially related. Defendant opposes Plaintiff's Motion on the basis that it is inappropriate for the Plaintiff to supplement the record and that Plaintiff's contention that this evidence is "new" is a misrepresentation. While we agree with the Defendant that the information about "guy" wire in the *de Jesus* case appeared on that case's docket and was readily available to the Plaintiff during the briefing on the Motion to Disqualify, we shall not be so doctrinaire as to refuse to consider it. However, and in any event, we find the distinction between shock by electrified "guy" wire" and power line to be one without a difference in the context of the issue before the Court. The main issue in both cases as we see it is whether WAPA was negligent in the maintenance/inspection of its lines and whether it breached a duty to warn of the dangers of the lines. We think it matters not whether the line was a drooping electrical line (as alleged in this case) or a rotted "guy" wire (as alleged in *de Jesus*). Thus the Motion to Supplement shall be granted to the extent of this limited consideration we have undertaken. Further, we shall deny Plaintiff's Motion for 28 U.S.C. § 1927 Sanctions in Connection with WAPA's False Representation that the *de Jesus* Matter Involved Contact with Primary Electrical Line (Doc. 567) because we find no merit to the Motion. We have reviewed the submissions as well as the transcript of the hearing before Magistrate Judge Cannon and find that none of the Defendants' witnesses nor defense counsel made misrepresentations regarding

representation of WAPA at Ogletree and while at Attorney Rohn's firm was so inconsequential and minor that disqualification would based on his work for WAPA would be inappropriate.

    First, we find that the Magistrate Judge's conclusions about the similarities of this case and the *de Jesus* case were not made in error. The plaintiffs in both cases seek damages from personal injuries allegedly sustained when they came into contact, directly or otherwise, with electrified lines operated and maintained by WAPA. Both of the cases allege that WAPA was negligent in its maintenance of these wires, and is therefore liable for the plaintiffs' injuries. While the facts of the cases are clearly not identical, they do raise the same legal theories of liability, as well as potential defenses for WAPA. Furthermore, despite Plaintiff's attempts to cabin the extent of Mr. Ellison's work on WAPA's behalf in the *de Jesus* matter, while at Ogletree it is undisputed that Mr. Ellison was involved in evaluating the theories of liability available to the *de Jesus* plaintiff and also contributed to the preparation of the summary judgment motion filed in that case. He billed in excess of 70 hours to the *de Jesus* matter in just a few short months. Then, after becoming employed by Attorney Rohn's firm, Mr. Ellison contributed to the drafting of several of the motions *in limine* in this case, such performance being directly

---

the "guy" wire versus electrical wire issue.

adverse to WAPA's interests.  All of this conduct was done (1) without WAPA's consent and (2) prior to the implementation of appropriate screening mechanisms.  This is the exact type of side-switching attorney that MRPC 1.9 seeks to disqualify.

### B.   Whether Disqualification of Plaintiff's Chosen Counsel Is Unjust

In asserting that disqualification of his counsel is unjust, Plaintiff claims that to deprive him of his chosen counsel and require him to find new counsel at this late stage of the litigation would be unfair.  Plaintiff also claims that disqualification of Attorney Rohn's firm in this matter will result in a chilling effect in the Virgin Islands on lawyers forming new associations.

Despite Plaintiff's contentions otherwise, we agree with Magistrate Judge Cannon that "[c]ontrary to Plaintiff's claim that firm disqualification will unduly hamper lawyers from forming new associations, the Court's holding is specific to the facts of this case.  Counsel for Plaintiff easily could have avoided this result simply by timely and effectively screening Mr. Ellison from any involvement in a case adverse to WAPA and by following the other procedures in Model Rule 1.10(a)(2)." (Doc. 549, p. 10, fn. 5).  Further, while we recognize that Plaintiff will suffer somewhat from the disqualification of Attorney Rohn, his counsel placed him in this peril when she hired Mr. Ellison and permitted him to begin working

11

prior to effectively screening him from all WAPA-adverse cases.  We cannot simply choose to not apply the rules of ethics and professional conducts to the instant scenario because the Plaintiff will suffer some consequence by the disqualification of his counsel.  To ignore the ethics rules in a case such as this would render them an effective nullity.[2]  Moreover, it would condone the situational ethics engaged in by Plaintiff's counsel relative to hiring Mr. Ellison.  We decline to put our stamp of approval on what we candidly perceive to be a rather heavy handed and ill-considered scheme by Plaintiff's counsel to gain a tactical advantage in this case.

In sum, although Plaintiff has expressed an interest in retaining his chosen counsel, the other balancing factors weigh overwhelmingly in favor of disqualification.  The Court therefore rejects Plaintiff's contention that disqualification of his counsel is unjust.

### C.    CONCLUSION

Accordingly, based on all of the foregoing, we find no error in Magistrate Judge Cannon's February 28, 2012 (Doc. 549) Order and as such the Plaintiff's

---

[2] This Court has an interest in protecting the integrity of its proceedings and maintaining public confidence in the judicial system.  "When a court finds a violation of Rule 1.9(a), . . . the public interest that may render disqualification appropriate may be at its zenith." *In re David Cutler Indus.,* 432 B.R. 529, 541 (E.D. Pa. 2010). Rule 1.9(a) is "designed to eliminate conflicts of interest, enforce a lawyer's duty of loyalty to his client and protect confidential communications. . . .  Indeed, it is difficult to envision many cases in which a court would find a violation of Rule  . . . 1.9(a), yet also conclude that disqualification is not appropriate." *Id.*

appeal shall be denied.  As a matter of housekeeping, we shall implement a stay in this matter for forty-five (45) days to permit the Plaintiff to find new counsel to represent him.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT**:

1. Plaintiff's appeal of Magistrate Judge Cannon's February 28, 2012 Order granting the Motion to Disqualify Counsel is **DENIED**.

2. Plaintiff's Motion to Supplement the Record with Newly Discovered Evidence (Doc. 568) is **GRANTED** to the extent set forth hereinabove.

3. Plaintiff's Motion for 28 U.S.C. § 1927 Sanctions in Connection with WAPA's False Representation that the *de Jesus* Matter Involved Contact with Primary Electrical Line (Doc. 567) is **DENIED.**

4. Defendant's Motion to Strike Motion for Sanctions (Doc. 569) is **DISMISSED AS MOOT**.

5. This matter is **STAYED** for a period of forty-five (45) days to permit Plaintiff to obtain new counsel.

s/ John E. Jones III  
John E. Jones III  
United States District Judge